# Citizens Fidelity Bank & Trust Co.
## v. Commonwealth.

March 25, 1949.

Chas G. Middleton and Hubert T. Willis for appellant.

A. E. Funk, Attorney General, and Hal Williams, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Franklin Circuit Court denying the appellant a refund of inheritance taxes.

In 1920 John M. Atherton conveyed to his son, Peter Lee Atherton, a one-half interest in what is known as the Selman property in Louisville. On January 28, 1921, John M. Atherton, Peter Lee Atherton and Cornelia A.

Atherton, the latter's wife, conveyed the property to the appellant by a trust deed which, in substance, provided that during his lifetime Peter Lee Atherton was to have full power and authority to manage and control the property; that the income was to be paid to Peter Lee Atherton and John M. Atherton jointly during their lives, and then to the survivor; that Peter Lee Atherton and John M. Atherton and survivor should have the power to sell and convey, to lease or to mortgage, the property if they saw fit, and that the proceeds of sale, if sale was made, were to be held under the terms of the deed; that after the death of Peter Lee Atherton and John M. Atherton the trust should become an active one, and the property should be held by the trustee for the benefit of Cornelia A. Atherton and her children by Peter Lee Atherton, the trust to terminate at the death of the last survivor or on January 1, 1954, whichever should first occur; that in the event of the death of Peter Lee Atherton leaving no children or descendants he should have full testamentary power over the property; and that upon the activation of the trust the trustee should have the power to lease, should receive compensation during the active period, and should be held free of responsibility for loss prior to that period.

John M. Atherton died on January 5, 1932. Thereafter, and without the knowledge of the trustee, Peter Lee Atherton and his wife executed for his individual benefit three mortgages on the property to the Commonwealth Life Insurance Company dated, respectively, May 25 and November 30, 1934, and April 9, 1935, for the respective sums of $40,000, $65,000, and $150,000. The trustee learned of Peter Lee Atherton's subsequent proposal to execute another mortgage of $300,000 on the property to the Northwestern Mutual Life Insurance Company. The trustee objected and notified the Insurance Company that in its opinion a loan secured by such a mortgage would be illegal. Notwithstanding the notice, such a mortgage was executed on June 19, 1936. On June 22, 1936, the trustee filed suit against the Northwestern Mutual Life Insurance Company, Peter Lee Atherton and his wife and children in which it alleged that the trust deed properly construed prohibited Peter Lee Atherton from mortgaging the trust property for his own benefit, and it asked the court to cancel the

mortgage or to have its proceeds applied to the terms of the trust. The defendants therein filed separate demurrers to the petition, and their demurrers were sustained. The trustee declined to plead further, and perfected an appeal to this court. However, on December 10, 1936, a compromise was entered into by the terms of which the trustee agreed to dismiss the appeal and Atherton agreed to pay an indebtedness owed to the trustee, individually, who thereupon released liens on a block of stock and the home, known as Arden, which property was then transferred and conveyed to the trustee as a part of the trust res. Peter Lee Atherton agreed to relinquish any right he might have had to encumber in any way the trust property. Pursuant to the agreement of December 10, 1936, Peter Lee Atherton and his wife executed a deed to appellant, then known as the Fidelity & Columbia Trust Company, in which they incorporated, by reference, the deed of trust of January 28, 1921, and conveyed to appellant, in trust, their home known as Arden. The deed contained this provision:

"Peter Lee Atherton shall not hereafter have any right, power or authority to mortgage or otherwise encumber either the property herein described and referred to as 'Arden' or the property herein described and referred to as the 'Selman' property, or any of the proceeds thereof, for any individual purpose of his own, or at all, except with the consent of the Fidelity & Columbia Trust Company, Trustee; and in the event he should mortgage or otherwise encumber any of the same, the proceeds thereof shall be held under the same trusts, terms and conditions as are prescribed in reference to such property."

Peter Lee Atherton died on June 10, 1939. There followed a protracted controversy as to whether the estate was subject to inheritance taxes. A return was filed in 1941 showing a deficit for the net estate of Peter Lee Atherton. A supplemental return was filed February 1, 1945. Thereafter the Department of Revenue assessed inheritance taxes which, together with interest and penalties, amounted to $18,458.42, which was paid on June 21, 1945. On June 6, 1946, a petition for refund was filed with the Department of Revenue. The refund was denied, and the trustee appealed to the Franklin Circuit Court which dismissed the appeal.

The trustee on the appeal to this court argues four points: (1) If the 1921 trust is governed by the Federal cases no tax ever accrued; (2) if the 1921 trust is governed by the New York cases a tax did accrue, but is now long since barred by our statute of limitations; (3) in no event can the present rates be applied to the 1921 trust; and (4) the 1936 trust was a transfer upon adequate consideration and, therefore, not subject to inheritance taxes.

It is first argued that the words defining the type of transfer subject to tax are almost identical in the Kentucky Inheritance Tax Law as amended March 22, 1920, Laws 1920, c. 47, and section 402 (c) of the Federal Revenue Act of 1918, 40 Stat. 1097, both of which were in effect when the 1921 trust was created, and that this court should follow the Supreme Court's construction of the Federal Act in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244. In that case the Supreme Court held that the corpus of a trust transfer need not be included in a settlor's estate even though the settlor had retained for himself a life income from the corpus. In a recent case which involved an irrevocable trust created in 1924 where the settlor reserved a life income, the Supreme Court overruled May v. Heiner and held that the entire value of the property should be included in the settlor's estate for Federal Estate Tax purposes. Commissioner of Internal Revenue v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322, 93 L.Ed. —. See, also, Spiegel's Estate v. Commissioner of Internal Revenue, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed.—; Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. However, we need not consider the effect to be given the Supreme Court's construction of the Federal Act nor the construction by the New York courts of the New York Inheritance Tax Act, upon which our act is based, Conner v. Parsley, 192 Ky. 827, 234 S.-W. 972, since the Jefferson Circuit Court, in the 1936 proceeding, adjudged, in effect, that the deed of January 28, 1921, failed to create a valid trust. All parties to that litigation, including the trustee, the settlor and the beneficiaries under the proposed trust, accepted the decision of the court and permitted the judgment to become final. The court, no doubt, based its judgment on the theory that the settlor, Peter Lee Atherton, had the

unrestricted power to mortgage the trust property for his own benefit and so to consume the entire corpus, and that this prevented the creation of a valid trust. We are not concerned with the correctness of the court's ruling in that proceeding. All interested parties permitted the judgment to become final and binding, and Mr. Atherton then created an effective trust. At that time there was in effect the inheritance tax law as amended and re-enacted by Chapter 8 of the Acts of the General Assembly at the Special Revenue Session in 1936, Third Ex.Sess. The Act became effective April 24, 1936, and provided that all property which should pass by deed or gift made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, absolutely or in trust, should be subject to the tax therein prescribed upon the fair cash value as of the date of the death of the grantor or donor. Section 1(6) of the Act provided:

"The terms of this statute shall apply to any property or interest therein, of which the decedent has made a transfer by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after death, including a transfer under which the transferor has retained for his life or any period not ending before his death, (a) the possession or enjoyment of, or the income from the property; or (b) the power to designate the persons who shall possess the property or the income therefrom except in the case of a bona fide sale for an adequate and full consideration in money or money's worth; or (c) it shall further apply to any property conveyed in trust over which the settlor has a power of revocation exercisable by will."

Section 7(2) provided that all taxes imposed by the Act, unless otherwise therein provided for, should be due and payable at the death of the grantor or donor. Clearly, the trust estate is taxable under that Act and as of the date of the settlor's death. In this connection it must not be overlooked that the settlor reserved testamentary power over the corpus in the event all of the beneficiaries predeceased him. In other words, there was a contingency through which the gift of the entire corpus to the beneficiaries might fail before the death of the settlor with the result that the settlor would again control the transfer of the trust corpus. In the cir-

cumstances, the taxable event is the settlor's death and the tax must be measured by the value at his death of the interest which is transferred. Under somewhat similar circumstances the Supreme Court, in Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 399, 75 L.Ed. 966, said:

"It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."

The final contention made by appellant is that the transfer made in 1936 comes within a specific exemption and is not taxable. The tax statute in effect when the transfer was made and when the donor died exempted transfers made "in case of a bona fide sale for an adequate and full consideration in money or money's worth." It is pointed out that Mr. Atherton had mortgaged the trust property to the extent of $300,000, and maintained his right to do so under the trust. The trustee resisted his right to do so and filed a suit contesting it, and a demurrer to the petition was sustained. It is argued that in consideration of the confirmation of his right to have executed the $300,000 mortgage and the dismissal of the appeal contesting it, Mr. Atherton conveyed valuable property to the trustee to be held under the provisions of the trust. In Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852, a trust deed was executed prior to the passage of the Federal Estate Tax statute, 26 U.S.C.A. Sec. 811, making trust estates taxable where the settlor reserved a life income. Subsequent to the passage of the statute the settlor and her daughter-in-law, who was a beneficiary under the trust deed, became engaged in a dispute, and the settlor filed suit to have the trust declared invalid. Prior to a decision a compromise was reached whereby it was agreed that a consent decree should be entered declaring the trust invalid and that the settlor should execute a new deed of trust making provision for the daughter-in-law. It was contended that the final trust was settled for an adequate consideration which consisted of the beneficiary releasing her rights in the former trust. This contention was rejected by the Supreme Court which stated that, although entered by consent, the decree declared

the former trust void and, it being void, the daughter-in-law took nothing under it and thereby gave nothing for her interest in the subsequent trust. Here, the beneficiaries gave nothing. They had joined with the settlor in an effort to establish his right to mortgage the trust estate, and so to consume the corpus, and waived any right they might have had under the 1921 instrument. No consideration passed from them to the settlor. There was no bona fide sale for an adequate and full consideration in money or money's worth within the meaning of the taxing statute.

The judgment is affirmed.