ESTATE of Floyd B. FAULKERSON, Deceased, Berniece E. Faulkerson, Administratrix, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 13519.

United States Court of Appeals
Seventh Circuit.

March 28, 1962.

Rehearing Denied April 26, 1962.

Jerome B. Van Orman, Fort Wayne, Ind., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Benjamin M. Parker, Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., Kenneth C. Raub, U. S. Atty., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff-taxpayer, Berniece E. Faulkerson, administratrix with the will annexed of the estate of Floyd B. Faulkerson, deceased, brought this action in the district court against United States of America to recover federal estate taxes paid on her decedent's estate. Following a trial by the court, on a stipulation of facts, judgment was entered denying such refund. This appeal followed.

The errors relied on for reversal arise out of the ruling by the district court that the law is with the Government.

The facts are undisputed and may be summarized as follows:

The testator, Floyd (B.) Faulkerson, executed his will on April 6, 1931. He died testate a resident of Steuben County, Indiana on December 27, 1954. He left surviving his widow, Berniece E. Faulkerson and two children, Robert and Elizabeth, each 39 years of age at the time of his death. His widow probated the will in the Steuben Circuit Court (Indiana) and qualified as administratrix with the will annexed of his estate on February 8, 1955.

By the terms of the will, his wife was to receive a life estate in the entire estate with power to sell assets "for the purpose only of preventing loss and depreciation therein and for reinvestment;" upon her death the two children were to take the remainder interest, subject to a trust that was to terminate upon their

attaining the age of 35 years. A final clause in the will left "all the rest, residue and remainder" of the estate to the wife.

On August 19, 1955, the administratrix petitioned the Steuben Circuit Court for entry of a decree that she be declared to be "the sole beneficiary under the will" of decedent and that all securities held by her in her fiduciary capacity be transferred to her individually as the widow. On the same day, the court entered such a decree. This decree was entered in an *ex parte* proceeding without notice to anyone, without appearances and without a hearing on the merits. The petition itself gives no reasons in support of the decree requested and makes no reference to the provisions of the will, other than to say that she is the beneficiary named in the will.

On October 20, 1955, taxpayer executed the federal estate tax return and claimed as a marital deduction one-half the value of the adjusted gross estate. This claim was subsequently disallowed by the Commissioner of Internal Revenue and a deficiency was assessed and paid in the amount of $22,972.44. In this action, taxpayer seeks a refund of this amount, with interest.

Other proceedings had in the Steuben Circuit Court were the Indiana state inheritance determination, payment of such tax and the approval of a final accounting and distribution of the assets of the estate. The actions taken were consistent with the prior decree of such court finding the widow to be the sole beneficiary under the will. These other proceedings were *ex parte* in nature, without any personal notices to or appearances by testator's two children.

In the instant case, the district court held that it was not bound by the decree of the Indiana state court determining the widow to be the sole beneficiary. It held in effect that the widow took only a life estate with the remainder in fee to the two children. As a consequence, it was determined that decedent's estate was not entitled to the claimed marital deduction and that the Commissioner was correct in his disallowance of such deduction and in assessing the deficiency. We agree with these findings and the judgment entered thereon.

We have no quarrel with the holdings in numerous Indiana decisions cited by taxpayer governing the construction of wills. Likewise, we entertain no doubt that the district court correctly determined the beneficial interests of the widow and the two children under the will in question. At the time of testator's death, the children were beyond the age fixed in the testamentary trust, and they took as remaindermen, subject only to the life estate in their mother, the widow.

Taxpayer contends that in any event the decree of the Steuben Circuit Court is binding on the federal court and that such decree has conclusively determined the right of taxpayer to claim the marital deduction. We do not agree.

The decree of the Steuben Circuit Court was rendered in an *ex parte*, nonadversary proceeding, without a hearing on the merits. It reached a result contrary to Indiana law and Treasury Regulations. The decree was obtained in a proceeding that was collusive in the sense that a decision was sought which would adversely affect the Government's right to additional estate tax. The Steuben Circuit Court is one of approximately 84 such courts of equal jurisdiction in Indiana whose decisions are not binding on each other. Under all these circumstances, we hold that the district court was not bound by such decree. Blair v. Commissioner, 300 U.S. 5, 9–10, 57 S.Ct. 330, 81 L.Ed. 465 (1937); Stallworth's Estate v. Commissioner of Internal Rev., 5 Cir., 260 F.2d 760, 763 (1958); In re Sweet's Estate, 10 Cir., 234 F.2d 401, 404 (1956), cert. denied, 352 U.S. 878, 77 S. Ct. 100, 1 L.Ed.2d 79; Wolfsen v. Smyth, 9 Cir., 223 F.2d 111, 113–114 (1955); Newman v. Commissioner of Internal Revenue, 9 Cir., 222 F.2d 131, 136 (1955); Brainard v. Commissioner of Internal Revenue, 7 Cir., 91 F.2d 880, 883–884 (1937), appeal dismissed, 303 U.S. 665, 58 S.Ct. 748, 82 L.Ed. 1122; Treas-

ury Regulations on Estate Tax, 1954 Code, Section 20.2056(e)–2(d) (2).

On the question of the binding effect of the state court decree, we find a somewhat analogous situation in Brainard where we considered the construction of a trust by an Illinois circuit court as it related to the imposition of federal income taxes. In that case, 91 F.2d at 883–884, we said:

"Appellant, however, has presented to us a duly authenticated decree of the circuit court of Cook county, Illinois, in a case wherein this appellant filed his complaint in chancery, against his wife and mother, for the construction of this trust with respect to the question now before us. That court differs with us as to the construction and effect of appellant's declaration of trust, and his subsequent acts with respect thereto. With due deference to that court, however, we can not accept the ruling as an expression of the judgment of the state of Illinois as to the property rights of her citizens in the interpretation of the local laws. That court's jurisdiction is limited to Cook county, and there are close to a hundred other circuit courts in Illinois of equal jurisdiction which are not bound by the rulings of the Cook county circuit court. For the interpretation of the laws of Illinois, we must look to the decisions of the Supreme and Appellate Courts of that state, for their rulings are binding upon all the inferior courts of Illinois.

"It is no doubt true that the proffered decree is binding upon the parties to that suit, and it will not be appealed from, because all parties thereto are satisfied with it; but we think it can not be binding on the government, which was not a party, and which of course has no right of appeal."

In a recent decision, concerning the assessment of a federal estate tax deficiency, we passed on the character of a state court proceeding in which a decree was entered. On a statement of facts far more favorable to taxpayer than in the case at bar, we found that the decree was entered in an undefended and nonadversary proceeding and was not binding on the federal court. It is interesting to note that the parties had *agreed* that "if the probate court final decree was entered by consent of the parties or in a nonadversary proceeding, it is not binding upon [United States] in this federal estate tax litigation." Merchants National Bank & Trust Co. of Indianapolis v. United States, 7 Cir., 246 F.2d 410, 417 (1957), cert. denied, 355 U.S. 881, 78 S. Ct. 148, 2 L.Ed.2d 112.[1]

We do not say that in a proper case— where the state court proceeding was adversary and not *ex parte;* where a hearing was had on the merits; where the question of law has been settled by the appellate courts of the state or where the judgment of an intermediate court may be fairly accepted as evidencing the law of the state; and where the judgment is not collusive—a federal court should not be bound by the determination of property rights in the state courts. See Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585 (1940); Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852 (1938); Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L. Ed. 465 (1937); Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634 (1934); Duling v. Markun, 7 Cir., 231 F.2d 833 (1956), cert. denied, 352 U.S. 870, 77 S.Ct. 96, 1 L.Ed.2d 76; Pitts v. Hamrick, 4 Cir., 228 F.2d 486 (1955); Gallagher v. Smith, 3 Cir., 223 F.2d 218 (1955).

Decedent executed his will in 1931 and died in 1954. In 1948, the Congress first created the marital deduction to be used in computing the net estate for federal estate tax purposes. As is often the case, this testator did not revise his will to enable his estate to gain the tax advantage given by the marital deduction.

---

1. For a collection of cases on this subject see 246 F.2d at 417, footnote 12.

In sum, we conclude that the district court properly construed testator's will under Indiana law, properly refused to be bound by the decree of the Steuben Circuit Court and properly held that decedent's estate was not entitled to the marital deduction for federal estate tax purposes.

The judgment of the district court is affirmed.

Affirmed.