Kathryn B. JONES and Helen B. Smith, Co-Executrices under the Last Will and Testament of C. M. Baum, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 75–2–002.

United States District Court, E. D. Illinois.

Sept. 23, 1976.

Henry Schwarz, U. S. Atty., Danville, Ill., Vicki G. Cheikes, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WISE, Chief Judge.

Plaintiffs seek a refund of estate taxes and interest paid by them as co-executors of their father's estate. In dispute is one item, disallowed as a deduction from the gross estate by the Internal Revenue Service, consisting of a loan from the decedent's wife to the decedent. Plaintiffs assert that the deduction was valid, under 26 U.S.C. § 2053(c)(1)(A), as a debt "bona fide and for an adequate and full consideration in money or money's worth." Specifically, they contend that the applicable statute of limitations was ten years, and, if not, that as executors they were entitled to waive the five-year limitations period for estate tax purposes.

Defendant United States of America contests both of these points, as well as the bona fides of the debt. The Court finds that the debt was bona fide, that the applicable statute of limitations is five years, and that the executors' waiver is ineffective to establish the deductibility of the debt.

The facts are not in dispute. Plaintiffs' decedent, C.M. Baum (C.M.), died in October, 1970, his spouse, Nora, having died in April, 1965. Upon his death, records were found indicating that Nora had advanced money to C.M. over a period of about twelve years, totalling $93,316.01, the last advance having been made in 1962. C.M. repaid a total of $6,788.71, leaving a balance of $86,527.30 at his death. His last payment was made in 1964. Records of these transactions were kept by C.M.'s bookkeeper in an account book, under the heading "NORA H. BAUM." When the records were discovered, Nora's executors reopened her estate and filed a claim against C.M.'s estate. The claim was allowed and paid, and an estate tax return filed in Nora's estate, resulting in a tax of $4,438.53, plus $1,386.88 interest.

Horace E. Gunn, Gunn, Hickman, Kesler, Jenkins & Vogel, Danville, Ill., for plaintiffs.

238

Plaintiffs' deduction of the $86,527.30 was disallowed upon audit by the Internal Revenue Service, resulting in a deficiency assessment of $30,284.56, plus $4,056.51 interest. Plaintiffs paid the assessment and interest, and filed a Claim for Refund with the I.R.S. The District Director not having acted on the Claim for Refund within six months, plaintiffs filed the present action under 28 U.S.C. § 1346(a)(1).

## I

■ Defendant disputes even the bona fides of the debt. However, the Court finds that the evidence sufficiently establishes that the advances were in the nature of a loan, and not a gift.

C.M. kept records of the advances and the repayments in a book of accounts payable. The other accounts similarly kept were unquestionably valid loans to C.M., and were duly repaid by him. The fact that he was less diligent in repaying his spouse than in repaying his other creditors is not determinative, particularly in light of his partial payment of the balance. Nor is the apparent lack of interest charges determinative. Nora had sources of income separate from C.M., and there is no dispute as to whether the debt was for adequate consideration. Therefore, the Court finds that the debt is one within the language of 26 U.S.C. § 2053(c)(1)(A):

"The deduction allowed by this section . . . shall, when founded upon a promise or agreement, be limited to the extent that [claims against the estate] were contracted bona fide and for an adequate and full consideration in money or money's worth."

## II

The Court must look to the Illinois law and cases for a determination of the applicable statute of limitations.

Sections 16 and 17 of ch. 83, Ill.Rev.Stat., state the limitations periods for oral and written debts, respectively:

"[A]ctions on unwritten contracts, express or implied . . . shall be com-

menced within 5 years next after the cause of action accrued."

"[A]ctions on . . . written contracts, or other evidences of indebtedness in writing shall be commenced within 10 years next after the cause of action accrued . . . ."

Because Nora's claim was presented to C.M.'s executors more than five, but less than ten, years after her death, the question of which limitations period applies is a critical one. The controlling factor is whether the contract was oral, as defendant asserts, or written or on "other evidences of indebtedness in writing," as plaintiffs contend.

■ The Illinois law is clear that to constitute a written contract a writing or writings must, at a minimum, completely identify the parties to the contract. *Railway Passenger & Freight Conductors' Mutual Aid & Benefit Ass'n v. Loomis*, 142 Ill. 560, 567–569, 32 N.E. 424, 426 (1892). A partly written and partly oral contract is treated as an oral contract; and these doctrines apply equally to "other evidences of indebtedness in writing." *Id.*

■ The documents introduced at trial to establish the debt—the account book and the ledger sheets—fail, without parol evidence, to identify: (1) that C.M. is a party; (2) that C.M. is the debtor; and (3) that the book is one for accounts payable. These facts have otherwise been shown to the Court's satisfaction, and are the basis for the initial finding of the existence of a bona fide debt. However, the necessity of proof by parol evidence of the missing contract terms takes the debt out of the ten-year statute. Therefore, the Court concludes that the five-year limitations period is applicable in this case.

Plaintiffs rely heavily on *J. Jassoy & Co. v. Horn*, 64 Ill. 379 (1872). *Jassoy* is distinguishable on the facts that the depositor's bank book contained the bank's acknowledgments of the transactions, and that the bank book presumably identified the parties (it was "kept in the usual form").

## III

The remaining question is the effectiveness of the executors' waiver of the statute of limitations as regards the deductibility of the paid claim. Claims against the estate are deductible only "as are allowed by the laws of the jurisdiction . . . under which the estate is being administered." 26 U.S.C. § 2053(a). Treas.Reg. 20.2053–4 states: "Only claims enforceable against the decedent's estate may be deducted." This concept has been given independent legal force by *United States v. Mitchell*, 74 F.2d 571 (7th Cir. 1934).

■ That a state Probate Court has passed upon the sufficiency or validity of a claim of indebtedness, and allowed it, is not *per se* binding as to the deductibility of the claim for federal estate tax purposes. *First-Mechanics Nat'l Bank of Trenton v. Commissioner*, 117 F.2d 127, 132 A.L.R. 1459 (3d Cir. 1940).

The case of *Wolfsen v. Smyth*, 223 F.2d 111 (9th Cir. 1955), is instructive. *See also Estate of Wolf*, 29 T.C. 441 (1957), *aff'd in part and rev'd in part on other grounds*, 264 F.2d 82 (3d Cir. 1959). In *Wolfsen*, decedent's ex-wife allowed the California statute of limitations to run on a $42,500 note decedent had executed in her favor. After his death, she filed a claim based on the note, and assigned her interests in the estate to her children. The son was administrator of the estate, and the claim was allowed, after an uncontested hearing, by the Probate Court. The Commissioner of Internal Revenue disallowed the deduction for the claim, and the children filed suit for a refund. The District Court dismissed the complaint, stating: "On its face, the claim as filed was unenforceable under the laws of . . . California. It did not become deductible because the local Probate Court approved it." 223 F.2d at 112. The children appealed.

After examining the relevant statute and Treasury Regulation, and noting that the Probate Court proceeding was not adversary and was not on the merits, the Circuit Court affirmed the lower court judgment.

"The administrator with will annexed, who approved the claim, and his sister were assignees of the claim. If this money could come from the estate to the administrator and his sister as payment for a debt rather than as beneficiaries of their father's estate, it would of course result in a substantial tax saving." *Id.* at 113.

■ Here, plaintiffs, sole beneficiaries under C.M.'s will, are also sole beneficiaries under Nora's will. Their failure to assert the statute of limitations against the executors of Nora's estate, and the subsequent allowance of the claim, caused the disputed amount to pass to them through Nora's estate, at a potential tax savings of $28,495.66.

The validity of a Probate Court order allowing a claim against an estate is a question of state law. So is the authority of an executor to waive a defense to a claim and to thereby bind the estate. These issues are not before this Court. The question here is whether a claim was "enforceable" under state law, and therefore deductible under 26 U.S.C. § 2053(a). Since plaintiffs as executors could have interposed the statute of limitations as a defense, the claim was not enforceable under Illinois law.

The Court concludes that the asserted claim of $86,527.30 was not enforceable as a matter of state law, and was not deductible from the gross estate.

Judgment for the defendant.

IT IS THEREFORE ORDERED that the claim for refund be, and the same is hereby, denied.