Harold J. **WATSON** and Girard Trust Bank, Executors of the Estate of A. Theodore Abbott, Deceased, Plaintiffs,

v.

Edgar A. McGINNES, Individually and as former United States District Director of Internal Revenue for the Internal Revenue District of Philadelphia, Pennsylvania, Defendant.

Civ. A. No. 31227.

United States District Court
E. D. Pennsylvania.

March 23, 1965.

Calvin H. Rankin, James J. Cloran, Drinker, Biddle & Reath, Louis C. Washburn, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., A. C. Murphy, Dept. of Justice, Washington, D. C., Solomon Fisher, Tax Dept., Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

This case involves a dispute over liability for federal estate tax.

The decedent, A. Theodore Abbott, died on April 2, 1955, a resident of Pennsylvania. At that time under the law of Pennsylvania testamentary gifts to charities were subject to state inheritance tax. However, section 2053(d) of the Federal Internal Revenue Code of 1954, 26 U.S.C.A. § 2053(d), which was applicable at the time, granted a federal estate tax deduction for "any estate, succession, legacy, or inheritance tax imposed by a State * * * upon a transfer by the decedent for * * * charitable * * * uses * * *."

In accordance with the applicable state law, the Abbott estate paid the inheritance tax in full on the estate without any deduction for legacies of the testator to charities. Under the above-quoted section 2053(d) of the 1954 Revenue Code, the Abbott estate then sought to take as a deduction against the federal estate tax the amount which it had paid as state inheritance tax on the legacies to the charities.

Because of section 2053(d) this claim for a deduction from the federal estate tax would seem at first glance clearly to be a proper one. However, this case brings into play section (2) of the above-quoted section 2053(d) which provides that "[n]o deduction shall be allowed \* \* \* for a State death tax \* \* \* unless the decrease in the [federal estate] tax imposed \* \* \* which results from the deduction \* \* \* will inure solely for the benefit of the public, charitable, or religious transferees \* \* \*." [1] The application of these two sections creates the problem in this case.

The government contends that the Abbott estate should not be granted the requested deduction because any decrease in its estate tax liability resulting from the deduction will not inure solely for the benefit of the charitable legatees named in the Abbott will. It contends that certain legatees who have life interests in the trust estate established by the Abbott will, would also benefit by any decrease in estate tax imposed upon the Abbott estate.

After providing for certain specific legacies, the testator bequeathed the remainder of his estate in trust to be divided into three equal shares, the income from which shares was bequeathed to certain individuals for their respective lives. At the time of the death of the life tenants, the principal of each share was payable equally to the Presbyterian Hospital in Philadelphia, the Northern Home for Children, Philadelphia, and the Children's Seashore House at Atlantic City for Invalid Children, three admittedly charitable institutions for federal estate tax purposes. The will also provided that all federal, state and other taxes, payable with respect to the property forming the decedent's gross estate for death tax purposes, should be paid out of the principal of the testamentary estate.

The government points out quite correctly, that if the amount of the federal estate tax is decreased by a deduction for the sum paid as state inheritance taxes, this will increase the principal amount of the trust established by the Abbott will, which increase will inure not only to the benefit of the charities, but also to the benefit of the life tenants since, if the principal of the trust is increased, so also will be the income payments to the life tenants.

The government's contention that a deduction for the state inheritance tax on the gift to the charities would inure to some extent to some one in addition to the charities clearly seems to be correct. Indeed one of the examples under the Treasury Regulations is so clearly in point as to leave no doubt about it. The example is:

"(4) The decedent bequeathed his entire residuary estate in trust to pay the income to X for life with remainder to charity. The State imposed inheritance taxes of $2000 upon the bequest to X and $10,000 upon the bequest to charity. Under the will and local law, all State and Federal taxes are payable out of the residuary estate and therefore they would reduce the amount which would become the corpus of the trust. If the deduction for the State death tax on the charitable bequest is allowed in this case, some portion of the decrease in the Federal estate tax would inure to the benefit of X since the allowance of the deduction would increase the size of the corpus from which X is to receive the income for life. \* \* \* Inasmuch as some of the decrease in the Federal estate tax payable would inure to the benefit of X \* \* \* no deduction is allowable under section 2053(d)." Treas. Reg. § 20.2053–9 (e).

---

1. President Eisenhower withheld his approval of an earlier bill passed by Congress which did not condition the granting of this estate tax deduction on a finding that the tax decrease resulting from the deduction would "inure solely for the benefit of the \* \* \* charitable \* \* \* transferees." See 101 Cong.Rec. 13082–83 (1955).

The estate concedes that the principle involved in this quoted example from the Treasury Regulations cannot be distinguished from the facts of the present case, but it contends that the Regulation is "not in conformity with the statute * * * and should not be followed by this Court."

■ It is axiomatic that " * * * Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. * * * " Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L. Ed. 831 (1948); See Senft v. United States, 319 F.2d 642, 646 (3d Cir. 1963).

■ Counsel for the estate seems to be of the opinion that the purpose of the statute was always to benefit an estate whenever there was a provision in the will giving a legacy to a charity. That, however, is incorrect. Clear as it was that an estate should benefit federal estate tax-wise where it has paid a state death tax on a legacy to a charity, it was just as clear that this type of tax benefit accrued only when two things were present: (1) there was a legacy to a charity and (2) only the charity would benefit from a possible estate tax deduction arising from the state tax on the legacy to the charity.

■ The Commissioner, in the example from his Regulations quoted above, found that someone other than a charity would benefit from the federal estate tax decrease resulting from allowing the deduction requested in this case. This finding cannot be said to be unreasonable or inconsistent with the statute and, accordingly, the Regulation should be followed.

■ The only judicial decision which counsel or the court has been able to find, construing section 2053(d) in a fact situation similar to that before the court, is the case of Darlington Estate, 22 Pa.Dist. & C.R.2d 461 (1960). In that case testator had divided his residuary estate into several separate shares some of which were devised or bequeathed to charities and some to non-charities. The will directed that all death taxes be paid out of the principal of the residuary estate. At the request of the executors of the estate, the Orphans' Court of Delaware County, Pennsylvania, amended its adjudication of the executors' account to provide that "any decrease in the Federal estate tax arising by reason of the executors' election to claim the [state] inheritance tax payable on the charitable legacies as a deduction shall inure solely to the benefit of the charities * * *." Darlington Estate, supra at 474. The Tax Court of the United States refused to accept this decision of the Orphans' Court, finding it inescapable "that if the residue is to be divided up between charitable and noncharitable beneficiaries after the payment of taxes, any decrease in taxes occasioned by the deduction under section 2053(d) increases the residue and the distributive share of the noncharitable as well as the charitable beneficiaries [and] [i]t is, therefore, impossible * * * that the putative decrease in Federal estate tax can inure solely to the benefit of the charitable remaindermen." [2] Subsequently the Court of Appeals for the Third Circuit reversed the Tax Court, holding that a non-collusive "adjudication in the course of the settlement of an estate which was being distributed in accordance with Pennsylvania rules by a Pennsylvania court" is binding on the Government.[3] The Darlington case, however, is not controlling here, since there is no Orphans' Court adjudication or other Pennsylvania Court decision on the question involved in the present case.

The court adopts as its findings of fact the stipulation of facts filed by the

---

2. Estate of Darlington, 36 T.C. 599, 606 (1961).

3. Estate of Darlington v. Commissioner, 302 F.2d 693 (3rd Cir. 1962).

parties. This opinion shall constitute the court's conclusions of law.

### ORDER

And now, this 23rd day of March, 1965, judgment is entered in favor of the defendant, Edgar A. McGinnes, individually and as former United States District Director of Internal Revenue for the Internal Revenue District of Philadelphia, Pennsylvania, and against the plaintiffs, Harold J. Watson and Girard Trust Bank, Executors of the Estate of A. Theodore Abbott, deceased.

