William P. GRAY, as Executor of the Will of William G. Robertson, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 73–1626–GJS.

United States District Court, C. D. California.

Jan. 24, 1977.

Alan R. Woodard, Keith H. Gill, Terence S. Nunan, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Charles H. Magnuson, William J. James, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

OPINION

SOLOMON, District Judge:

This case was remanded by the Court of Appeals to this Court for an evidentiary hearing to determine whether the claim of Jane Robertson against the estate of William Robertson for life insurance proceeds was founded on a promise or undertaking which was bona fide and for adequate and full consideration.

William Robertson was a well-known and successful lawyer and a member of a prominent Los Angeles law firm. He and his wife, Jane Robertson, separated on August 15, 1966, after 22 years of marriage. He was the one who insisted on the separation. On August 24, 1966, William and Jane entered into a property settlement agreement which, among other things, provided that William would pay Jane $600.00 a month for support and maintenance until her death or remarriage or his death. It also provided that he would maintain a life insurance policy with her as his beneficiary. In addition, it contained the usual releases, including a waiver by both parties of the right to inherit the estate of each other. The provisions are not repeated here because they are set out in the opinion of the Court of Appeals. *Gray v. United States*, 541 F.2d 228 (9th Cir. 1976).

Thereafter William Robertson filed an action for divorce against his wife. On November 20, 1967, just as he was about to leave on a trip, he caused a final decree to be entered in the case. Later that day he was killed in an airplane crash. At the time of William's death, the life insurance policy providing for payment of $50,000 to Jane upon his death was in effect. The insurance company paid the proceeds directly to Jane.

On the tax return filed by William's estate, Gray, the executor, included the life insurance proceeds ($50,000.00) as part of the gross estate, but he claimed the amount as a deduction in computing the taxable estate. The Commissioner disallowed the deduction, and the executor paid the resulting deficiency in estate taxes. The estate

then filed a claim for refund; when the claim was disallowed, Gray filed this action for refund of federal estate tax erroneously assessed and collected.

The Court of Appeals in this case held that Jane's claim for the life insurance proceeds is founded on the property settlement agreement between the parties, not the divorce decree.

Section 2053(a) of Title 26, United States Code, provides that claims against an estate are to be deducted in the computation of the taxable estate. To be an allowable claim, a claim founded on an agreement must have been "contracted bona fide and for an adequate and full consideration in money or money's worth." 26 U.S.C. § 2053(c). The issue here is whether Jane's claim meets this standard.

Section 2053 was designed to assure that a claim against an estate based on a decedent's agreement is bona fide and not a perfunctory creation of an obligation designed simply to lessen the taxable estate. The Government does not contend here that William and Jane attempted to avoid estate taxes by the agreement. The parties agree that the property settlement agreement was not gratuitous. The Government concedes that mutual promises in the agreement constitute consideration for each other. Nevertheless, the Government asserts that William's promise to maintain a life insurance policy with Jane as beneficiary was not supported by "adequate and full consideration in money or money's worth."

William Robertson drafted the property settlement agreement. The provision for life insurance was in the original draft of the proposed agreement. It is apparent from the agreement and testimony submitted at the evidentiary hearing that the purpose of this provision was to secure adequate support for Jane in the event of William's death in her lifetime. This was the only thing she would receive. Under the terms of the agreement, William was to pay $600.00 each month to Jane for support until his (or her) death. Under other provisions of the agreement Jane gave up any right to seek additional support, to inherit any part of William's estate, or to claim an interest in any of the assets listed in the agreement as William's separate property. Although the releases in the agreement were phrased as mutual releases of rights, the testimony showed that Jane was the one who gave up the most. William had a successful law practice and a substantial amount of private property which he inherited from his family.

To determine whether William's promise to maintain the life insurance policy with Jane as beneficiary was supported by full and adequate consideration, the value of what William received must be measured against the value of what she transferred. *Leopold v. United States*, 510 F.2d 617, 623 (9th Cir. 1975). The evidence shows that Jane gave up more than William; if anyone received less than full and adequate consideration, it was she.

I find that Jane gave full and adequate consideration in money's worth for the $50,000.00 life insurance policy.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

Plaintiff is entitled to a judgment against the Government for $20,165.00 with six per cent interest from July 29, 1971.