Sanford D. BEECHER and William White, Jr., Executors of The Estate of John Richard Geary, Appellants

v.

UNITED STATES of America.

No. 13094.

United States Court of Appeals Third Circuit.

Argued April 20, 1960.

Decided June 24, 1960.

Joseph W. Price, 3d, Philadelphia, Pa., Duane, Morris & Heckscher, Philadelphia, Pa., of counsel (Sanford D. Beecher, Philadelphia, Pa., on the brief), for appellants.

Charles B. E. Freeman, Washington, D. C., Walter E. Alessandroni, U. S. Atty., James J. Phelan, Jr., Asst. U. S. Atty., Philadelphia, Pa. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on the brief), for the United States.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal concerns the application of the federal estate tax. The appellants who are executors of the Estate of John Richard Geary, deceased, have paid the tax claim asserted against the estate and sue to recover part of the amount paid. The district court denied recovery, D.C. E.D.Pa.1959, 172 F.Supp. 323, and the executors appeal. It is not disputed that all correct procedural steps have been taken throughout the dispute.

The issue gets down to the question whether payments to the decedent's two sons constituted payment of "claims against the estate" or legacies. If the former, they are deductible from the value of the gross estate under Section 812

of the Internal Revenue Code of 1939 [1] because they "represent personal obligations of the decedent existing at the time of his death."[2] Under the language of the quoted section, the claims against the estate must be such "as are allowed by the laws of the jurisdiction * * * under which the estate is being administered."

The facts are not in dispute and may be very briefly summarized. John Richard Geary, in his lifetime, lived from 1903 until sometime after 1938 in Japan and was domiciled there. He died in 1948 domiciled in Pennsylvania. He married a citizen of New York, namely, Camille McCollum, in 1918. Mrs. Geary left Japan in 1931 taking the children of their marriage, two sons, with her when she returned to New York. In 1933, Mr. Geary procured a divorce in Japan. In that same year, Mrs. Geary procured a separation and custody order in New York and a receiver was appointed for decedent's personal property in New York. Mrs. Geary also sued in New Jersey seeking to enjoin the decedent's wholly-owned corporation from disposing of assets which she asserted had been obtained from her by fraud and deceit of her husband.

Finally, in 1937, the counsel for the quarreling parties arranged a settlement. Mr. Geary promised to set up an inter vivos trust and also agreed in the settlement of March 15, 1937 as follows:

"1. Mr. Geary will execute and deliver an instrument which will obligate him to leave one-quarter of his net estate available for distribution to each of his two children who shall survive him, or to the issue of either child who shall predecease him leaving issue who shall survive Mr. Geary. The agreement will be so drafted and executed as to bind Mr. Geary's estate whether or not a will is made in accordance with its provisions. He will, however, make a will as required by the agreement."

On March 30, 1938, Mr. Geary executed a written instrument by which he agreed to carry out these conditions.

In 1947 Mr. Geary executed a will which left to each of the sons "an amount equal to one-quarter of all the net estate * * * of which I shall die * * * possessed which shall remain after paying all debts, expenses of administration, executors' and counsel fees, and all taxes or other governmental impositions payable by law out of my estate."

The sons have received the money. Did they receive it as claimants against the estate, in which case the amount is deductible by the estate for federal estate tax purposes, or did they receive it as legatees under a will, in which case the amount is not so deductible?

In Gallagher v. Smith, 3 Cir., 1955, 223 F.2d 218, this Court, with all the judges participating held that where "Congress has made the operation of the tax law * * * wholly dependent upon state law * * * the state judgment must be given conclusive effect in determining federal tax liability,"[3] provided that the state court "has adjudicated the rights

---

1. "§ 812. Net estate
   "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—
   * * *
   "(b) Expenses, losses, indebtedness, and taxes. Such amounts—
   "* * *
   "(3) for claims against the estate
   * * *
   as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered *. * *. The deduction herein allowed in the case of claims against the estate * * * shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth * * * *." Int.Rev.Code of 1939, § 812, 26 U.S.C. § 812.

2. Treas.Reg. 105, § 81.36.

3. 223 F.2d at pages 222–223.

of all parties claiming interests in the income or property in question and that it had jurisdiction to do so." [4] This is true even though the state proceedings were nonadversary.[5] Gallagher was an income tax case. But in a later case this Court, this time through a three-judge panel with Judge Maris again writing the opinion, applied the same rule in a case involving the federal estate tax. Babcock's Estate v. Commissioner, 3 Cir., 1956, 234 F.2d 837, 841–842.[6]

Now we turn to the record of the Orphans' Court, Philadelphia County, Pennsylvania, in which the Geary estate is being probated. On December 30, 1954, Judge Lefever, of that court, filed two opinions. The first one adjudicated and confirmed the account of the executors. It referred to the sons' claims "as creditors" and granted them six per cent interest from the date of the decedent's death. No exceptions were filed to this adjudication and the decree is final.[7]

While, as shown in the margin, one phase of this case is still before the Orphans' Court of Philadelphia County, it is upon the question whether the agreement was for an adequate consideration in money or money's worth. In the case in this Court it has been stipulated that the amounts payable to the two sons are founded upon an agreement for an adequate and full consideration in money or money's worth. We are not concerned, therefore, with the question which the Orphans' Court is still concerned with. We do have, however, the adjudication, not excepted to and now final, to the effect that the sons were creditors of the estate and entitled to interest upon their claims.

The question involved in the case is one which is settled in this Circuit by the authority of the two decisions above discussed. On the basis of that authority the finding of the Orphans' Court that the sons were creditors is conclusive and the taxpayers' appeal is well taken.

Even without the authority of Gallagher, we think the executors are correct. If the decedent had made this agreement to leave money to his sons by will and then never had performed his agreement, surely the sons could have recovered as creditors of the estate.[8] It certainly would be anomalous for the estate's tax situation to be changed for the worse because the decedent did what he had promised to do. The Government argues that, because under the terms of the will certain claims come ahead of those of the sons, the testator had not made them real creditors. If that argument means that the decedent did not carry out his promise, then it is quite clear that the sons would have rights against the estate for breach of the testator's contract.

4. Id., at page 223.

5. Id., at pages 224–226.

6. The fact that in this case, unlike the situation in either Gallagher or Babcock's Estate, there is a Treasury Regulation (Treas.Reg. 105, § 81.30) which can be construed as permitting the court to disregard a nonadversary state court proceeding, see Wolfsen v. Smyth, 9 Cir., 1955, 223 F.2d 111, is of no moment. A reading of the Gallagher opinion makes it clear that any Treasury Regulation to the contrary must be held to be invalid to that extent.

7. In the other opinion filed by Judge Lefever at the same time, it was held that the amounts paid to the sons were allowable as deductions for Pennsylvania Transfer Inheritance Tax purposes. Geary Estate, 2 Pa.Dist. & Co.R.2d 453,

454–461. This matter went before the full court and Judge Lefever's decision was reversed. 1955, 2 Pa.Dist. & Co.R. 2d 453, 461–468. Thereafter, sur petition for reargument, the opinion was vacated and the case remanded to Judge Lefever for further findings of fact. Then, on January 2, 1957, all proceedings in the Orphans' Court were stayed pending determination of the instant case in the district court.

It is to be noted, however, that the point left open in the litigation in the Orphans' Court was whether the promise made by the decedent was for "an adequte and full consideration in money or money's worth."

8. See e. g., In re Liggins' Estate, 1958, 393 Pa. 500, 503–506, 143 A.2d 349, 351–352, and cases cited.

It is true that if the decedent had lost all his money in his lifetime the sons would not have received anything from his estate. But that would be equally true whether they stood as legatees or as creditors.

We think that on principle, aside from the authority of Gallagher and Babcock, the taxpayers' claim is well taken.

The judgment of the district court will be reversed with directions to enter judgment for the plaintiffs.