The **FIRST NATIONAL BANK OF AMARILLO, a National Banking Association, as Trustee under the Will of Daniel C. Trigg, Jr., Deceased, Appellee,**

v.

**UNITED STATES of America, Appellant.**

No. 422–69.

United States Court of Appeals, Tenth Circuit.

March 16, 1970.

Leonard J. Henzke (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Loring W. Post, Janet R. Spragens, Attys., Dept. of Justice, Washington, D. C., Victor Ortega, U. S. Atty., of counsel, with him on the brief), for appellant.

William C. Schaab and Bruce D. Hall, of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for appellee.

Before BREITENSTEIN, SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This action was commenced by the trustee under the will of Daniel C. Trigg, Jr. to recover a refund of federal estate taxes. The taxpayer's motion for summary judgment was granted, and this appeal was taken.

The refund relates to a payment made by the estate to Mrs. Fay M. Arries in settlement of a claim filed by her against the estate and in settlement of a suit brought by her in the State court against the estate, the executor, the taxpayer, and other beneficiaries of the trust provided for in the will. The payment so made was deducted from the gross estate in the federal estate tax return. The Internal Revenue Service disallowed the deduction on the ground that it was not a claim against the estate under section 2053 of the Internal Revenue Code of 1954. The taxpayer paid the deficiency and filed the claim which was disallowed and thereafter commenced this suit in the United States District Court for the District of New Mexico.

The taxpayer's motion for summary judgment was based upon a stipulation, and on affidavits of persons involved in the State litigation and also various documents from the State court proceedings.

The determination of this appeal depends upon the construction and application of section 2053 of the 1954 Code. This issue has frequently come before the courts and is described as one to decide whether the claim was "against the estate" or "to the estate." The applicable section of the Code seeks to distinguish between claims based upon obligations of the decedent or of the estate, as compared to bequests and legacies.

The record shows that Mrs. Arries filed a claim in the estate proceedings and also filed an independent suit in the State district court of New Mexico in which she asserted that the decedent had agreed to leave to her all his property upon his death if she would manage his household, assist him in ranching and business activities, and take care of his personal needs. The suit was thus based upon an oral agreement to make a will which she asserted was entered into in 1940. Shortly before the suit was to come to trial and after the parties had made preparations for trial, the case was settled under an agreement whereby she released "each and every claim of any sort" that she had against the defendants relating to the estate of Daniel C. Trigg, Jr. The consideration for the release was the payment to her of $65,-000.00 together with a ranch in Mexico. Her State suit was so terminated, the settlement was used as a basis for the dismissal of the action, and the settlement was presented to the State district court sitting as a probate court for its approval for payment by the executor as a claim. This approval was sought pursuant to section 31–8–5, N.M.Stat.1953 Ann. As indicated the money was so paid and the amount was deducted from the gross estate in the estate tax return. In the settlement, Mrs. Arries retained the right to an annuity under the decedent's will which was the only provision therein made for her.

On this appeal, the Government asserts that the United States District Court was in error in several respects in granting summary judgment to the taxpayer. These include the assertion that there were material facts which had not been resolved, and thus summary judgment was improper; that the trial court did not make an independent determination that the claim asserted by Mrs. Arries was valid and enforceable; that the settlement was not supported by valid con-

sideration, and that generally the claim was "to the estate" and not "against the estate." The several points are closely interrelated.

■ On the point urged by the Government that the trial court did not determine the claim to be valid and enforceable, it asks that the case be remanded to the district court to have the issue tried. This would be a determination as to how the parties and the attorneys arrived at the settlement compromise, the value of the services of Mrs. Arries, and the value of the ranch. In support of this position the Government relies in part on Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886. See Treasury Regulations on Estate Tax (1954 Code) § 20.2053–1. The trial court carefully considered this issue and held that under the circumstances, Bosch did not require a retrial of the validity and enforceability of the claim.

The case of Commissioner v. Estate of Bosch concerned marital deductions and the application of decisions of the lower state court. The Court there said: "We hold that where the federal estate tax liability turns upon the character of a property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made of such property interest by a state trial court." The Court in the opinion refers to its position in the case as an application of the rule of Erie v. Tompkins, although not a diversity case, and applies the same principles for the same reasons.

We agree with the trial court that proper application of Commissioner -.v. Estate of Bosch does not require a retrial of the issue of validity and enforceability. The trial court in its consideration of the affidavits and the proceedings in the State court was satisfied with the determination therein made; and also the court found that the nature of the action brought by the claimant was one specifically recognized in New Mexico in the case of In re Cox' Estate, 57 N.M.

543, 260 P.2d 909. The State Supreme Court had there held that a suit may be brought to enforce an oral agreement to make a will. This is basically the nature of the suit brought by Mrs. Arries, and thus it was a well recognized action in the State. This, together with the examination of the affidavits, demonstrates that it was a valid and enforceable claim for the purposes with which we are here concerned. There would seem to be some confusion arising by reason of the alternative remedies sought by the claimant in her pleadings before the State court as compared to the basic nature of her cause of action. There were also additional remedies which could have been secured by the claimant which need not have been specially pleaded. However it was the substance or nature of the claim which was important.

It must be noted again that the probate court's consideration of the issue is of equal or greater significance than the conclusion of the suit commenced in the district court. As mentioned above, the settlement was presented by the executor to the New Mexico district court sitting as a probate court for its approval as a claim against the estate. Under the New Mexico law (section 31–8–2, N.M.Stat. 1953 Ann.), the probate court is to hear and to determine all claims against the estate and only claims which are so approved shall be paid. Thus the probate court was proceeding under the requirement that the claims be approved, and it found that the claim was valid and ordered it paid. The record also shows that the settlement was arrived at by an arm's length negotiation.

Thus the requirement that the claim be a valid and enforceable one was established before the United States District Court, and no unresolved material facts remained. There are a number of facts that were not resolved but they were not material to the determination of the issue presented to the trial court.

The Government on this appeal also urges that the trial court was in error in that it was not shown that the claim was supported by a consideration. This

point is related to the one discussed above. The Government urges that section 2053(c) (1) (A) should be applied under these circumstances. This subsection by its terms applies when a claim is based upon an agreement or promise, and requires that it be shown to be supported by an adequate consideration. The Government urges that the matter also be remanded to the State court for a determination of the manner in which the settlement agreement was arrived at and for a determination of the value of the services of the claimant and other similar matters.

The construction of the terms of the settlement agreement does not lead us to a solution of the problem, but instead the nature of the claim made by Mrs. Arries and the action on the claim by the probate court are significant. The same considerations discussed in the foregoing point apply here. We again find no issue of material fact remained before the trial court, although there were unresolved immaterial fact questions.

■ It is not necessary to decide whether Harris v. Commissioner of Internal Revenue, 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111, is applicable or even the subsection of the Code because the consideration, if necessary, is present. In the cited case, a gift tax case, the Court examined the position of a divorce court, and its duty to make a division of property. It found that, in view of the court's statutory powers and duties, its decree dividing the property of the husband and wife in accordance with a settlement agreement created a distribution or division of property by decree and not by contract or agreement, thus no gift tax. See also Cotnam v. Commissioner of Internal Revenue, 263 F.2d 119, 70 A.L.R.2d 1035 (5th Cir.). In the case before us the record shows that the consideration requirement has been met. The bona fide suit and settlement at arm's length described above create this pre-sumption, United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, and this is sufficient as there is nothing to the contrary. The trial court so concluded, and we agree.

■ We find that there were no unresolved material facts before the court and that the entry of summary judgment was proper. We also hold that the trial court was correct in its conclusion that the claim paid to Mrs. Arries was one which had been made "against the estate" and not "to the estate." An application of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, and Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886, leads to this conclusion. Mrs. Arries in her State court suit alleged she had performed her portion of the contract from the time she asserts that it was made in 1940 until decedent's death in March 1963. The probate court approved the settlement of her suit as a claim against the estate. Mrs. Arries was in no way related by blood or marriage to the decedent and made no claim against the estate or in any suit that she was entitled to participate for such reason. In the decedent's will nothing was left outright to Mrs. Arries, but she was provided an annuity of $3,000.00 a year. In the agreement for the settlement of her suit against the estate, it was expressly provided that it would not affect the payment of this annuity and that it would be paid. This is but a factor, but it indicates she took as a legatee and also as a claimant against the estate. The facts demonstrate the distinction between the two positions and the probate court maintained the distinction.

The trial court properly applied section 2053 of the Internal Revenue Code of 1954 to the facts, and summary judgment for the taxpayer was proper.

Affirmed.