ESTATE OF ELIZABETH G. HUNTINGTON, DECEASED, NANCY H. BRUNSON, ADMINISTRATRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ESTATE OF HUNTINGTON v. COMMISSIONER
Docket No. 6007-91
United States Tax Court
100 T.C. 19; 1993 U.S. Tax Ct. LEXIS 19; 100 T.C. No. 19; April 6, 1993, Filed *19 Decision will be entered under Rule 155. Decedent's estate paid $ 425,000 to decedent's stepsons in settlement of a lawsuit brought by the stepsons to enforce the terms of an alleged agreement decedent and her husband had made to execute reciprocal wills. Held, decedent's estate may not deduct as a claim against the estate under sec. 2053(a)(3) the $ 425,000 paid to decedent's stepsons because the stepsons' underlying claim was not supported by consideration and because the amount paid with regard to this claim constituted a payment in the nature of the stepsons' inheritance. For petitioner: Michael E. Chubrich. For respondent: Michele J. Gormley. SWIFT
SWIFT
*313 SWIFT, Judge: Respondent determined a deficiency in the amount of $ 117,067 in the Federal estate tax of the Estate of Elizabeth G. Huntington (decedent). After concessions, the issue remaining for decision is whether decedent's estate may deduct as a claim against the estate under section 2053(a)(3) a $ 425,000 payment made by the estate in settlement of a lawsuit. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect as of the date of decedent's death. FINDINGS OF FACT Some *20 of the facts have been stipulated and are so found. Decedent died on December 24, 1986. At the time of her death, decedent resided in Hampton, New Hampshire. When the petition was filed in this case, decedent's daughter, Nancy H. Brunson (Nancy), was administratrix of decedent's estate, and Nancy resided in Hampton, New Hampshire. On October 15, 1955, decedent married Dana Huntington (Dana). From a prior marriage, Dana had two sons, Charles R. Huntington (Charles) and Myles D. Huntington (Myles). A daughter, Nancy, was born of the marriage between decedent and Dana. On January 3, 1978, Dana executed a will under which $ 25,000 was to be devised each to Charles, Myles, and *314 Nancy. The remainder of Dana's estate was to be held in trust for the benefit of decedent during her life, and upon decedent's death, the remainder was to be distributed in equal shares to Charles, Myles, and Nancy. On May 8, 1979, Dana executed a new will in which he revoked his prior will dated January 3, 1978, and under which his entire estate was to be devised to decedent. On April 6, 1980, Dana died. On May 6, 1980, the Court of Probate for Rockingham County, New Hampshire (Probate Court), admitted *21 Dana's May 8, 1979, will to probate. On September 10, 1981, Charles and Myles filed with the Rockingham County Superior Court (Superior Court) a lawsuit to impose a constructive trust on all of the property received by decedent from Dana's estate and on all of the property owned by decedent on and after May 8, 1979, the date Dana executed his final will. In the lawsuit, Charles and Myles alleged that Dana and decedent had made a binding oral agreement to execute reciprocal wills. Specifically, Charles and Myles alleged that Dana had promised to devise his entire estate to decedent in exchange for decedent's promise to devise her estate in equal shares to Charles, Myles, and Nancy. Charles and Myles further alleged that decedent had not yet executed a will in compliance with the alleged oral agreement with Dana. On September 16, 1981, in connection with the lawsuit in Superior Court, Charles and Myles filed with the Superior Court a petition to attach $ 300,000 of the property received by decedent from Dana's estate. On November 12, 1981, the Superior Court issued an order temporarily restraining decedent from transferring, encumbering, or disposing of any of the property that *22 was the subject of the lawsuit seeking to impose a constructive trust (namely, of the property decedent had received from Dana's estate and of the property decedent owned on and after May 8, 1979, the date on which Dana executed his final will). On December 10, 1986, decedent, Charles, and Myles settled the Superior Court lawsuit seeking to impose a constructive trust. The settlement provided, among other things, that decedent would execute a will under which she would devise to Charles and Myles 40 percent (20 percent each) of her net estate. *315 On December 24, 1986, decedent died intestate. On January 13, 1987, decedent's daughter Nancy was appointed administratrix of decedent's estate by the Probate Court. On January 20, 1987, Charles and Myles filed with the Probate Court a notice of claim against decedent's estate. On December 28, 1987, Charles and Myles filed with the Superior Court a lawsuit to enforce decedent's promise to devise to them 40 percent of her estate, consistent with the terms of the December 10, 1986, settlement of the earlier constructive-trust lawsuit, and to partition decedent's real property in accordance with the settlement. On March 23, 1988, the Federal *23 estate tax return of decedent's estate was filed. On the return, a $ 350,000 deduction was claimed as a claim against the estate under section 2053(a)(3), which amount represented the payment the estate expected to make to Charles and Myles as a result of the December 10, 1986, settlement of the constructive-trust lawsuit. On April 14, 1989, Charles, Myles, and Nancy settled the lawsuit seeking to enforce the terms of the December 10, 1986, settlement of the constructive-trust lawsuit. Under that settlement, Nancy (in her capacity as administratrix of decedent's estate) agreed to pay $ 212,500 each to Charles and Myles, for a total payment of $ 425,000 (which amount represented 40 percent of decedent's estate). On April 14, 1989, Nancy, as administratrix, made the $ 212,500 payment due under the settlement to each of Charles and Myles. On audit, respondent determined that decedent's estate was not entitled to deduct the $ 350,000 claimed on the Federal estate tax return as a claim against the estate on the grounds that Charles and Myles -- with respect to the lawsuits and the payments made in settlement thereof -- were testamentary beneficiaries, not creditors of decedent's estate. *24 In its petition to this Court, petitioner has increased the amount claimed as a deduction under section 2053(a)(3) from $ 350,000 to $ 425,000 (the amount actually paid to Charles and Myles). OPINION In determining the value of a taxable estate for purposes of the estate tax imposed under section 2001, section 2053(a) *316 allows a deduction from the value of the gross estate for "claims against the estate * * * as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered." Only claims representing enforceable, personal obligations of the decedent existing on the date of the decedent's death are deductible as claims against the estate. Sec. 20.2053-4, Estate Tax Regs. Further, in order to be deductible under section 2053(a)(3), claims against the estate founded upon a promise or an agreement must be "contracted bona fide and for an adequate and full consideration in money or money's worth." One purpose of the consideration requirement of section 2053(c) is to prevent decedents from reducing their taxable estates for Federal estate tax purposes by reflecting in contractual form transfers which serve a donative *25 or testamentary intent. United States v. Stapf, 375 U.S. 118, 130-133 (1963); Bank of New York v. United States, 526 F.2d 1012, 1016 (3d Cir. 1975). Courts generally have held that for purposes of section 2053(a)(3), beneficiaries' claims based on an asserted right to inherit from decedent's estate, as distinguished from creditors' claims against the estate, are not supported by adequate consideration. Young v. United States, 559 F.2d 695 (D.C. Cir. 1977); Bank of New York v. United States, supra; Estate of Lazar v. Commissioner, 58 T.C. 543, 552-553 (1972); Estate of Alden v. Commissioner, T.C. Memo. 1982-183. In examining whether beneficiaries' claims are supported by adequate consideration, courts carefully scrutinize transactions between family members. See, e.g., Estate of Hartshorne v. Commissioner, 402 F.2d 592, 594 n.2 (2d Cir. 1968), affg. 48 T.C. 882 (1967); Estate of Labombarde v. Commissioner, 58 T.C. 745 (1972), *26 affd. per curiam without published opinion 502 F.2d 1158 (1st Cir. 1973); Estate of Ribblesdale v. Commissioner, T.C. Memo. 1964-177. Situations in which estate tax deductions have been allowed under section 2053(a)(3) for payments made to family members typically involve arm's-length agreements that are supported by actual consideration, not by mere donative intent. See, e.g., Beecher v. United States, 280 F.2d 202 (3d Cir. 1960) (funds devised to sons pursuant to an earlier separation agreement between the parents); Estate of Woody v. Commissioner, 36 T.C. 900 (1961) (property devised to *317 daughter in payment of son's debt to daughter that had been assumed by decedent). This Court has not expressly considered whether the consideration exchanged by spouses in agreeing to execute reciprocal wills will be regarded as adequate consideration to support a deduction under section 2053(c) for a claim against an estate. In Estate of Lazar v. Commissioner, supra at 554-555, we held that such consideration was not adequate but only on *27 the basis that the property that was the subject of the reciprocal-will agreement was held by the spouses as tenants by the entirety with a right of survivorship, and as such, under Pennsylvania law, the spouses had no legal right to make any testamentary disposition of the property absent a severance of the tenancy. In Estate of Lazar, we did not consider whether the consideration would have been adequate if the property subject to the reciprocal-will agreement had been the separate property of each spouse. In Estate of Moore v. Commissioner, T.C. Memo. 1987-587, and Estate of Alden v. Commissioner, supra, we held that payments to beneficiaries in settlement of will contests (but not relating to reciprocal-will agreements) were not deductible as claims against the estate under section 2053(a)(3) because the payments to the beneficiaries were in the nature of legacies or inheritances from the estates. Other courts that have considered this issue have concluded that payments to beneficiaries relating to reciprocal-will agreements supported only by the donative intent of the spouses executing the agreements are *28 merely testamentary dispositions. Bank of New York v. United States, supra at 1017-1018; Luce v. United States, 444 F. Supp. 347, 353-354 (W.D. Mo. 1977). These courts held that even if the donative intent of the spouses in executing the reciprocal-will agreements would be regarded as adequate consideration under State law for enforcement of the agreements in State court and even though lawsuits were filed against the estates to enforce the reciprocal-will agreements, such consideration would not constitute adequate consideration under section 2053(c). Bank of New York v. United States, supra at 1016; Luce v. United States, supra at 352-353; see also United States v. Stapf, supra at 130-131. Petitioner asserts that the alleged reciprocal-will agreement between Dana and decedent was supported by adequate *318 consideration because Dana gave up the right to devise his property to his children in exchange for decedent's promise to devise to Charles, Myles, and Nancy both the property she received from Dana's estate and *29 her own separate property. Petitioner, therefore, argues that the $ 425,000 paid to Charles and Myles should be deductible as a claim against the estate under section 2053(a)(3). We disagree. We hold that where the only consideration supporting reciprocal-will agreements is the donative intent of spouses, such donative intent does not constitute adequate consideration under section 2053(c). Even if a reciprocal-will agreement existed between Dana and decedent and even if that agreement was enforceable (i.e., even if the consideration supporting the agreement was adequate under State law to enable Charles and Myles, the third-party beneficiaries, to enforce the agreement), and on the facts and allegations of this case, the consideration would be inadequate to support an estate tax deduction under section 2053(c). The alleged agreement between Dana and decedent was entered into for the alleged purpose of providing for the testamentary disposition of Dana's property to decedent and to decedent's children. The only consideration supporting the alleged agreement was Dana's and decedent's donative intent. Petitioner asserts that even if the alleged agreement between Dana and decedent *30 to enter into the reciprocal-will agreement lacked adequate consideration, the agreement between decedent, on the one hand, and Charles and Myles, on the other, settling the constructive-trust lawsuit, was supported by adequate consideration under section 2053(c). Petitioner asserts that under the settlement agreement decedent agreed to devise 40 percent of her estate to Charles and Myles (20 percent each) in exchange for Charles' and Myles' abandonment of their contractual rights against decedent's estate under the alleged reciprocal-will agreement between Dana and decedent, under which Charles and Myles were to receive one-third each of decedent's estate. We conclude that the settlement between decedent, Charles, and Myles of the constructive-trust lawsuit was not supported by adequate and full consideration in money or money's worth. The settlement agreement was based only on Charles' and Myles' alleged claim to inherit under Dana's *319 will, which claim lacked adequate consideration under section 2053(c). The fact that prior to decedent's death Charles and Myles filed a lawsuit against decedent to enforce the alleged reciprocal-will agreement does not convert Charles' and Myles' *31 claim to inherit from decedent's estate into a deductible "claim against the estate" under section 2053(a)(3). We hold that decedent's estate is not entitled to deduct the $ 425,000 payment to Charles and Myles as a claim against the estate under section 2053(a)(3). Due to concessions, Decision will be entered under Rule 155.